IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LEWIS LYLES | § | |
| v. | § | CIVIL ACTION NO. 6:06cv382 |
| DOUGLAS DRETKE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Lewis Lyles, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lyles complained of disciplinary action which he received on January 12, 2006, when he was charged with threatening an officer. As punishment for the offense, he said, he received 40 to 45 days of restrictions, 15 days of solitary confinement, and retention in Line Class III, the lowest classification level in the Texas prison system.

After review of the pleadings, the Magistrate Judge issued a Report on November 8, 2006, recommending that the lawsuit be dismissed. The Magistrate Judge first considered whether Lyles' lawsuit should proceed as a civil rights action under Section 1983, or through habeas corpus. While it is true that challenges to prison disciplinary cases normally proceed through habeas corpus, the Magistrate Judge said, a favorable resolution of Lyles' claims would not entitle him to accelerated release because he did not lose any good time. Consequently, the Magistrate Judge said, Lyles' claims properly proceed under Section 1983. *See* Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997); Chapman v. Cletha, slip op. no. 01-41293 (5th Cir., August 20, 2002) (unpublished)

1

(lawsuit complaining of allegedly false disciplinary case causing alteration in classification status and the rate at which good time was earned was properly treated as a Section 1983 case rather than a habeas corpus petition).

The Magistrate Judge noted that to bring a procedural due process claim, as Lyles does, the plaintiff must identify a protected liberty interest. The Magistrate Judge then analyzed the Supreme Court's decision in Sandin v. Conner, 115 S.Ct. 2293 (1995).

In Sandin, a Hawaii state prisoner received a disciplinary case in which he was not permitted to call witnesses. He was convicted and sentenced to 30 days of disciplinary segregation. The trial court granted the defendants' motion for summary judgment, but was reversed by the Ninth Circuit, which held that Conner had a liberty interest in remaining free from disciplinary segregation and that there was a disputed question of fact as to whether or not Conner received all the process to which he was entitled.

However, the Supreme Court reversed the Ninth Circuit's decision. The Supreme Court held that States may, under some circumstances, create liberty interests which are protected by the Due Process Clause, but that these interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. The Court stated that the operative interest involved was the nature of the deprivation imposed. Sandin, 115 S.Ct. at 2300-2301.

In applying Sandin to the present case, the Magistrate Judge concluded that the punishments imposed upon Lyles did not give rise to protection by the Due Process Clause of its own force, and did not impose an atypical or significant hardship upon Lyles in relation to the ordinary incidents of prison life. As a result, the Magistrate Judge stated that Lyles failed to identify a constitutionally protected liberty interest which was violated by the disciplinary case of which he complains, and so recommended that the lawsuit be dismissed as frivolous.

Lyles filed objections to the Magistrate Judge's Report on November 27, 2006. These objections argue that solitary confinement is a "serious and grievous loss of liberty" which triggers the protections of the Fourteenth Amendment. He lists the due process rights which he says were violated during his disciplinary hearing and again contends that solitary confinement by itself is sufficient to invoke the procedural protections of Wolff v. McDonnell, 418 U.S. 539 (1974). He says that the case citations in the Magistrate Judge's Report are "extremely frivolous, malicious, and vindictive" and argues that the Magistrate Judge failed to consider the fact that solitary confinement in the Texas prison system is under federal court orders in the Ruiz v. Estelle litigation. He asks that the court reject the Magistrate Judge's recommendation and grant him due process of law, including appointment of an attorney.

Contrary to Lyles' contentions, the Fifth Circuit has repeatedly stated that placement in solitary confinement by itself is not sufficient to trigger the procedural protections of Wolff. *See, e.g.*, Pickens v. Minton, 109 Fed.Appx. 655 (5th Cir., August 18, 2004) (not selected for publication in the Federal Reporter) (placement in isolation for 20 days did not deprive inmate of constitutionally protected liberty interest because it was not an atypical or significant hardship in relation to the ordinary incidents of prison life); Lewis v. Dretke, 54 Fed.Appx. 795 (5th Cir., December 11, 2002) (not selected for publication in the Federal Reporter) (15 days in solitary confinement as punishment for disciplinary case did not implicate a protected liberty interest so as to trigger the protections of Wolff); *accord*, Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000) (30 days of cell restrictions does not implicate due process concerns); Sandin, 115 S.Ct. at 2301 (placement in disciplinary segregation for 30 days did not implicate due process concerns). Lyles' contention that solitary confinement by itself is sufficient to implicate due process concerns and trigger the procedural protections of Wolff is simply incorrect. Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); *accord*, Espinoza v. Benoit, 108 Fed.Appx. 869 (5th Cir., August 18, 2004) (not selected for publication in the Federal Reporter); Lenoir v. Carlize, 122 Fed.Appx. 156 (5th Cir., February 23, 2005) (not selected for publication in the Federal Reporter).

Nor does Lyles' invocation of the Ruiz litigation give rise to a constitutionally protected liberty interest. In the first place, the Ruiz litigation was terminated on June 17, 2002. *See* Ruiz v. Estelle et al., cause no. 4:78cv1987, docket entry no. 9015. Even were it not terminated, the Fifth Circuit has held that remedial court orders, such as consent decrees, cannot serve as substantive bases for Section 1983 claims absent independent constitutional grounds. Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986). Lyles has failed to show the violation of a constitutionally protected liberty interest and so his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A(b). It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 8th day of January, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**